UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D. TAYLOR,

        Petitioner,

  v.                                          Case No. 05-C-0505

MATTHEW J. FRANK,

        Respondent.

**ORDER**

On May 6, 2005, John Taylor filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Following my Rule 4 Order, the parties have fully briefed the petition. Among other arguments, the state argues that the petition is untimely under 28 U.S.C. § 2244(d), which provides a one-year statute of limitations. Because I agree with the state that the petition is untimely, it will be dismissed.

The petitioner was convicted and sentenced in 1995. Between then and 2001, Taylor (through a somewhat disjointed process) prosecuted his direct appeal. The Wisconsin Supreme Court denied his petition for review on July 18, 2001, and the 90-day period for appealing to the United States Supreme Court expired on October 16, 2001. Other postconviction petitions were still pending in the state courts, however, a fact which tolled the running of the one-year period under § 2244(d)(2). Thus, in the state's view, it was not until February 28, 2003, when Taylor voluntarily dismissed an appeal, that Taylor's conviction became final for § 2244(d) purposes. The clock began running on that date and continued running some three and one-half months (109 days) until June 17, 2003, at which point Taylor filed another postconviction motion. The pendency of that motion

tolled the statute of limitations until March 15, 2004, when the Wisconsin Supreme Court dismissed Taylor's petition for review. At that point, the clock began running again until Taylor filed another motion on October 15, 2004 (214 days), which was resolved when he dismissed his appeal on January 11, 2005. The clock then ran again for another 115 days until he filed the present federal petition under § 2254.

The total number of countable days (109 + 214 + 115) equals 438, and they add up to a conclusion that Taylor's petition is untimely because more than one year of countable time lapsed. This number, in the state's view, is actually generous because there are arguments that Taylor's petition was due earlier. In any event, Taylor does not contest this calculation. Instead, he claims entitlement to relief from the statute based on the fact that he suffered a serious medical condition. He states that during the relevant time period he received kidney surgery and suffered other renal problems requiring treatment at the UW Hospital.

The Supreme Court has not decided whether equitable tolling is an available exception to the statutory one-year time frame provided for in § 2244(d). *Pace v. DiGuglielmo* 544 U.S. 408, 125 S. Ct. 1807, 1814 n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations.") In the Seventh Circuit, the doctrine could have some limited applicability. *Balsewicz v. Kingston,* 425 F.3d 1029, 1033-34 (7th Cir. 2005). Assuming that a medical reason could equitably toll the § 2244(d) statute of limitations, however, the petitioner has not established any basis for doing so. The first excluded time period occurred between February 28 and June 17, 2003. Taylor has not cited any medical condition or procedure he underwent during that time period except to note generally that his renal condition was worsening. Then, during the second countable period between March 15 and October 15, 2004, petitioner states that he underwent surgery in April and suffered a virus in July. He also had a five-

day stay in the hospital in September. Apart from that, however, he does not indicate during this period how he was prevented from filing this petition. Indeed, his own exhibits prove otherwise. In a letter apparently written by his physician at the UW Hospital, the physician states:

> The patient denies any complaints. He states he has been feeling well. He has been eating well. His energy is good. He denies any fever, chills, night sweats, nausea, vomiting, diarrhea, . . . .In general, he is alert and oriented x 3 and in no acute distress. He is a well-developed, well-nourished, thin African-American male.

(Ex. F. to Br. in Opposition.)

During the final countable period, January 11 through May 6, 2005, the petitioner states that on February 4 he was to have his blood pressure, temperature and weight checked and to have labs drawn, apparently on an ongoing basis. Apart from that, however, he apparently had little hospital care or other procedures. Thus, apart from a few conceivable delays due to his medical condition, the petitioner's claim that he should be excused from 2244(d)'s statute of limitations is wholly unsupported by any evidence. Moreover, it is apparent that during this time the petitioner was capable of making several filings in his state court postconviction proceedings, thus undercutting his claim that he was unable to file his present petition. If equitable tolling is available in the federal habeas context, it is only available if the petitioner shows extraordinary circumstances. *Gildon v. Bowen,* 384 F.3d 883, 887 (7th Cir. 2004). The petitioner has not shown such circumstances here. Accordingly, the petition is denied and the case is dismissed.

SO ORDERED.

Dated this   9th   day of May, 2006.

        s/ William C. Griesbach  
        William C. Griesbach  
        United States District Judge